UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Carole Burt Stukes, ) | Civil Action No.: 8:14-cv-01305-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Calvin, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court following the issuance of a Report and Recommendation ("R&R") by United States Magistrate Judge Jacquelyn D. Austin.[1] Plaintiff, Carole Burt Stukes, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commission of Social Security ("the Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB"). The Magistrate Judge recommended affirming the Commissioner's decision denying Plaintiff's claim for benefits.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff applied for DIB on July 26, 2011, alleging disability as of January 1, 2009. The applications were denied initially and on reconsideration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). A hearing was held before the ALJ on December 4, 2012. Plaintiff, represented by an attorney, appeared and testified. A vocational expert also testified. The ALJ issued a decision on January 4, 2013, finding that Plaintiff was not disabled. The ALJ's findings are as follows:

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2).

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2013.

2. The claimant has not engaged in substantial gainful activity since January 22, 2009, the amended alleged onset date (20 C.F.R. 404.1571 *et seq*.).

3. The claimant has the following severe impairments: fibromyalgia, right hip spur, right knee spur, and left shoulder tear with bursitis (20 C.F.R. 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 C.F.R. 404.1567(b). Specifically, the claimant can lift and carry up to 20 pounds occasionally and 10 pounds frequently.  She can sit for 6 hours in an 8-hour day, and stand and walk for 6 hours in an 8-hour day, with normal breaks.  However, the claimant can never climb ladders, ropes or scaffolds, and she can only occasionally climb ramps and stairs, stoop, kneel, crouch and crawl.  Additionally, the claimant can only occasionally use the left, non-dominant upper extremity for pushing, pulling and overhead reaching.

6. The claimant is capable of performing past relevant work as a collections representative and receptionist/runner. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 C.F.R. 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from January 22, 2009, through the date of this decision (20 C.F.R. 404.1520(f)).

[ALJ Decision, ECF #15-2, at 16-24].

The ALJ's finding became the final decision of the Commission when the Appeals Council denied Plaintiff's request for further review on February 5, 2014.  Plaintiff filed this action on April 10, 2014, seeking judicial review of the Commissioner's decision. [Compl., ECF #1].  Both Plaintiff and the Commissioner filed briefs, [ECF ##20, 21, and 22].  The Magistrate Judge issued her Report and Recommendation ("R&R") on July 21, 2015, recommending that the Commissioner's decision be affirmed. [R&R, ECF #24].  Plaintiff filed timely objections to the R&R on August 14, 2015. [Plaintiff's Objections, ECF #27].  The Commissioner filed a response to Plaintiff's objections on August 26, 2015. [Defendant's Response to Plaintiff's Objections, ECF #29].

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968).  The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even

if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it).  This standard of review does not require, however, mechanical acceptance of the Commissioner's findings.  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational."  *Vitek*, 438 F.2d at 1157-58.

  The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

  The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## APPLICABLE LAW

Under the Act, Plaintiff's eligibility for the benefits he is seeking hinges on whether he is under a "disability."  42 U.S.C. § 423(a).  The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  *Id.* § 423(d)(1)(A).  The claimant bears the ultimate burden to prove disability.  *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985).  The claimant may establish a prima facie case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations.  20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving he could not perform his customary occupation as the result of physical or mental impairments.  *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975).  This approach is premised on the claimant's inability to resolve the question solely on medical considerations, and it is therefore necessary to consider the medical evidence in conjunction with certain vocational factors.  20 C.F.R. §§ 404.1560(a) & § 416.960(a).  These factors include the claimant's (1) residual functional capacity, (2) age, (3) education, (4) work experience, and (5) the existence of work "in significant numbers in the national economy" that the individual can perform.  *Id.* §§ 404.1560(a), 404.1563, 404.1564, 404.1565, 404.1566, 416.960(a), 416.963, 416.964, 416.965, & 416.966.  If an assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it then becomes necessary to determine

whether the claimant can perform some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1). Appendix 2 of Subpart P governs the interrelation between these vocational factors. Thus, according to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined (1) whether the claimant currently has gainful employment, (2) whether he suffers from a severe physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are met, the impairment prevents him from returning to previous work, and (5) whether the impairment prevents him from performing some other available work.

## ANALYSIS

The Magistrate Judge recommended affirming the Commissioner finding substantial evidence for the ALJ's residual functional capacity determination and conclusion that Plaintiff retained the ability to perform her past relevant work as a collections representative and receptionist/runner. Plaintiff did not specifically object to those findings but rehashes the arguments previously made to the Magistrate Judge.

First, Plaintiff objects to the Magistrate Judge's finding that the ALJ properly considered the September 2012 surgery notes. Plaintiff argues that the ALJ mistakenly relied on a lack of surgical intervention for Plaintiff's joint pain in determining Plaintiff's credibility. While the ALJ did not specifically refer to the September 2012 treatment notes, the ALJ did consider Plaintiff's left rotator cuff surgery. The ALJ referred to the Plaintiff's testimony regarding the surgery and considered Plaintiff's testimony that the surgery helped to improve her pain but that she had not regained full range of motion and had difficulty reaching. The ALJ limited the Plaintiff's use of her left arm in the residual functional capacity determination by stating "the claimant can only occasionally use the

left, non-dominant upper extremity for pushing, pulling and overhead reaching." Thus, while the ALJ may not have specifically referred to Plaintiff's surgical notes from September 2012, the ALJ properly considered the fact that Plaintiff had rotator cuff surgery and experienced exertional limitations as a result of her left shoulder pain.

Plaintiff argues that the ALJ misstated the record concerning Plaintiff's surgical history and that the ALJ's misstatement undercuts the ALJ's credibility determination and finding that the Plaintiff's pain symptoms were generally more tolerable than she alleged. The ALJ stated:

> The medical record is devoid of any evidence showing the claimant's treating physicians have recommended surgical treatment for the claimant's joint pain since her amended alleged onset date, and there is very little documentary evidence showing the claimant sought any treatment for her pain symptoms in 2012, suggesting they are generally more tolerable than she has alleged.

[ALJ Decision, ECF #15-2, at 22]. Although the ALJ did not reference Plaintiff's shoulder surgery in the quoted passage, the ALJ referenced Plaintiff's shoulder surgery in the preceding paragraphs and recognized exertional limitations as a result of Plaintiff's shoulder pain and surgery. Despite Plaintiff's contention to the contrary, a fair reading of the ALJ's decision suggests that when the ALJ referred to "joint pain," she was referring to the "joint pain" of Plaintiff's back, legs, feet, and hands referenced in one of the preceding paragraphs. *See id*. at 20 ("[t]he claimant testified she experiences joint pain of her back, legs, feet and hands"). The medical records do not recommend surgical treatment for joint pain of Plaintiff's back, legs, feet, and hands. Accordingly, the court finds the ALJ did not misstate the record. To the extent it could be argued that the ALJ did, in fact, misstate the record, such an error would be harmless because substantial evidence supported the ALJ's credibility determination. The extent of Plaintiff's daily activities and the infrequent and

conservative treatment of most of her symptoms (except for the shoulder pain) suggest that Plaintiff is capable of some work activity.

Plaintiff next objects to the Magistrate Judge's findings regarding the ALJ's reliance on her daily activities arguing that the Magistrate Judge ignored the argument that Plaintiff's daily activities were not inconsistent with her alleged limitations. The ALJ noted that in her Function Report, Plaintiff stated that she performed some household chores such as vacuuming, cleaning the bathrooms, doing laundry, mopping and washing dishes, and shopping for groceries. Plaintiff also reported going to restaurants, visiting relatives, preparing simple meals, driving, using the computer, and reading. Plaintiff fails, however, to explain how her listed daily activities are inconsistent with the ALJ's finding that her impairments were not significantly limiting and that she could perform a reduced range of light work. Social Security Rule 96-7p permits the ALJ to consider an individual's daily activities when assessing that individual's credibility. Therefore, it was appropriate for the ALJ to discount Plaintiff's credibility, in part, because her reported daily activities imply that her impairments were not as limiting as Plaintiff claimed.

Finally, Plaintiff objects to the Magistrate Judge's approval of the ALJ's reliance on a lack of functional findings or restrictions from her physicians. Plaintiff argues the ALJ erroneously penalized Plaintiff because Plaintiff's physicians failed to note any restrictions related to Plaintiff's complaints of pain. However, it was proper for the ALJ to consider the lack of physical restrictions by Plaintiff's treating physicians as one factor in determining that Plaintiff retained the residual functional capacity to perform less than the full range of light work. *See, e.g. Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999) (stating "[t]he lack of physical restrictions militates against a finding

of total disability"). Accordingly, the court finds that the ALJ's residual functional capacity determination is supported by substantial evidence.

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, Defendant's reply to the objections, and applicable law. For the foregoing reasons, the Court hereby overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

September 8, 2015                                  s/ R. Bryan Harwell
Florence, South Carolina                           R. Bryan Harwell
                                                   United States District Judge